IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Charles E. Phagan, Jr., | ) |
| | ) Civil Action No. 8:18-564-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Chase Webber, Victoria Gurney, Judge | ) |
| Lawton R. McIntosh, Anderson County, | ) |
| And Richland County, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Charles E. Phagan, Jr. ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's action be dismissed without prejudice. (ECF No. 9). Plaintiff was advised of his right to file objections to the Report. (ECF No. 9 at 16), and he filed timely objections. (ECF No. 11). Plaintiff also filed a motion for recusal of the magistrate judge as well as the undersigned (ECF No. 12) and a request for appointment of counsel (ECF No. 13).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need

1

not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Objections

In her Report, the magistrate judge recommends that the court dismiss Plaintiff's complaint because it is frivolous and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and additionally because Plaintiff failed to allege a cognizable claim against any of the Defendants. In his objections, Plaintiff argues that the magistrate judge erred because: (1) Plaintiff never received a consent form to authorize this magistrate judge to submit a Report to the court, (2) Plaintiff was not indicted on September 20, 2011, and (3) Plaintiff's claim is not barred by *Heck*.

First, Plaintiff objects to the fact that his complaint was referred to a magistrate judge and argues that he never received a consent form from the Clerk of Court to authorize the magistrate judge pursuant to "the provisions of 28 U.S.C. § 636(A)(B) & (C), and Local Civil Rule 73.03." (ECF No. 11 at 2). However, as noted above, this action was transferred to the magistrate judge for pretrial handling pursuant to 28 U.S.C. § 636(b)(1)(B) which states that a judge may, "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement," and Local Civil Rule 72.02, which states that the clerk of court shall assign to a magistrate judge

"all pretrial proceedings involving litigation by individuals proceeding *pro se*."[1] Plaintiff filed the present action pro se, challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983. Accordingly, consent from the Plaintiff was not necessary for the assignment of the present matter to a full-time magistrate judge for pretrial handling and Plaintiff's objection lacks merit. *See* 28 U.S.C. § 636(b)(1)(B); Local Civ. R. 72.02.

Second, Plaintiff's claim that he was not indicted on September 20, 2011 (ECF No. 11 at 4), is not responsive to any substantive part of the magistrate judge's Report and is also false. As the magistrate judge states, Plaintiff was indicted on September 20, 2011, in the Anderson County Court of General Sessions and charged with committing or attempting lewd act upon a child. *See* Anderson County Tenth Judicial Circuit Public Index, http://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (enter "Charles Phagan," click "search," and click on Case Number "J893333") (last checked May 30, 2018).[2] The indictment is number 2011-GS-04-01631. *Id.*[3] Accordingly, Plaintiff's objection lacks merit.

Third, Plaintiff claims that the magistrate judge erred in finding that Plaintiff's claims are barred by *Heck*, 512 U.S. 477. (ECF No. 11 at 4-5). Plaintiff argues that *Heck* does not apply to the instant case because this action is a § 1983 civil rights action and not a habeas corpus action under 28 U.S.C. § 2254. (ECF No. 11 at 4-5). He asserts that, "this is a civil action to protect

---

[1] Additionally, Local Civil Rule 73.02(B)(2)(d) provides for the assignment to a magistrate judge of, "All pretrial proceedings in civil rights cases challenging prison conditions or conditions of confinement," and Local Civil Rule 73.02(B)(2)(f) includes, "All pretrial proceedings in civil rights cases arising out of the criminal process not covered by Local Civ. Rule 73.02(B)(2)(d)."
[2] *See also* Anderson County Tenth Judicial Circuit Public Index, http://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (enter "Charles Phagan," click "search," and click on Case Number "2018CP0400117") (last checked May 30, 2018) (providing a copy of the September 20, 2011 indictment in the state's return on Plaintiff's motion for post-conviction relief).
[3] The Fourth Circuit held that "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500 (4th Cir. 2015); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[Plaintiff's] constitutional rights and if he wanted to challenge his incarceration this would be his reason for filing an post-conviction relief or habeas corpus."[4] (ECF No. 11 at 5).

However, Plaintiff's argument fails. The court agrees with the magistrate judge and finds that *Heck* applies to the instant case and bars Plaintiff's claims. In *Heck*, the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . .

*Heck*, 512 U.S. at 487.

Plaintiff argues that (1) his imprisonment due to the revocation of his suspended sentence constitutes double jeopardy and (2) that his current incarceration is due Defendants' conspiracy to violate his civil rights and deprive him of freedom through unlawful imprisonment. (ECF Nos. 1 and 11). Were he to succeed on his claims, it would necessarily invalidate his current sentence. *See Thigpen v. McDonnell*, 273 Fed. App'x 271 (4th Cir. 2008) (finding § 1983 claim that various state officials committed conspiracy to subject the plaintiff to double jeopardy by revoking his probation was barred by *Heck* because if the plaintiff were successful on the

---

[4] The court notes that Plaintiff filed a pending post-conviction relief action in the Anderson County Court of Common Pleas at case number 2018-CP-04-0117. *See* Anderson County Tenth Judicial Circuit Public Index, http://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (enter "Charles Phagan," click "search," and click on Case Number "2018CP0400117") (last checked June 21, 2018). The magistrate judge noted that the claims raised in Plaintiff's PCR petition are nearly identical to the claims asserted in this action. (ECF No. 9 at 5).

challenge, invalidation of his current sentence would necessarily have resulted).[5] Further, Plaintiff has not alleged that his conviction or sentence has already been invalidated.

In his Complaint, Plaintiff seeks money damages, expungement of his sentence and arrest records, and a preliminary injunction or declaratory judgment. (ECF No. 1 at 6). In his objections, he argues that he is entitled to seek declaratory or injunctive relief because Defendants violated the law and cites to *Maher v. Gagne*, 448 U.S. 122, 129 n.11 (1980)[6] and *Reynolds v. Guiliani*, 506 F.3d 183, 191 (2nd Cir. 2007)[7] to support his argument. (ECF No. 11 at 5). However, *Heck* bars equitable remedies as well as monetary damages. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).[8] Further, the cases cited by Plaintiff lack relevancy and fail to support his argument.

As the magistrate judge noted, courts have consistently held that *Heck* is applicable to parole and probation revocation proceedings. *See Thigpen*, 273 Fed. App'x 271; *Harris v. Miller*, No. 94-7067, 1994 WL 704891, at *1 (4th Cir. Dec. 19, 1994) ("To the extent Appellant is challenging his parole revocation, or the procedures used to revoke his parole, such a claim is not cognizable because his parole revocation has not been invalidated."). *See also Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to parole revocation decisions). Accordingly, Plaintiff's objection is without merit. Additionally, the remainder of Plaintiff's

---

[5] In addition to being barred by *Heck*, the Fourth Circuit has held that "because a sentence imposed after the revocation [of probation] is not considered a new punishment," but rather, a part of the original sentence, "the Double Jeopardy Clause is not implicated." *United States v. Fonteneau*, 277 Fed. App'x 293, 295 (4th Cir. 2008).
[6] In the portion cited to by Plaintiff, *Maher* states that 42 U.S.C. § 1983 itself does not provide for substantive equal rights or civil rights; thus federal jurisdiction does not automatically exist pursuant to 28 U.S.C. § 1343 whenever a Plaintiff files a § 1983 claim. 448 U.S. at 129 n.11.
[7] In the portion cited to by Plaintiff, *Reynolds* states that state officials may be sued in their official capacity for injunctive relief only when the state itself is the moving force behind the deprivation. 506 F.3d at 191.
[8] To the extent that Plaintiff seeks release from SCDC as a remedy, release from prison is not an available remedy in this civil rights action. As the Supreme Court stated in *Heck*, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. 481

objections regarding individual Defendants' immunity fail because, as discussed above, *Heck* applies in the instant matter and Plaintiff's claims are necessarily barred.

## II. Motion for Recusal

Next, Plaintiff's motion for recusal (ECF No. 12) is denied. Plaintiff argues for the recusal of both the magistrate judge and the undersigned from the case because the Clerk of Court failed to provide Plaintiff with an opportunity to consent to the assignment to the magistrate judge. *Id*. He also alleges that there is a presumption of bias because the undersigned is from the Anderson area and requests that the case be reassigned to United States District Judge Henry M. Herlong. *Id.* He argues that his motion is based on 28 U.S.C. §§ 144, 445,[9] and 636, and *Tumey v. Ohio*, 273 U.S. 510, 522 (1927). Under 28 U.S.C. § 144, recusal of a judge is appropriate where the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice against either the affiant or in favor of any adverse party. *See Sine v. Local No. 992 Int'l Brotherhood of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989). Additionally, under 28 U.S.C. § 455(a), a judge is to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[10] The standard to be applied is an objective one, and directs a judge to recuse himself if "a reasonable person with knowledge of relevant facts might reasonably question his impartiality." *United States v. Cherry,* 330 F.3d 658, 665 (4th Cir. 2003). "The analysis assumes that a reasonable person not only knows all the relevant facts, but also understands them. In weighing recusal, the trial judge must carefully

---

[9] It appears to the court that Plaintiff intends to cite 28 U.S.C. § 455.
[10] The main difference between the bias analysis under § 455 and under § 144 is that "[t]he procedures for seeking recusal under 28 U.S.C. § 144 differ from those under § 455(b)(1)." *See Gregg-Wilson*, 2013 WL 3712081, at *3 n.2.

weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality simply might be trying to avoid what they apprehend may be an adverse ruling." *Kolon Indus., Inc. v. E.I. duPont de Nemours & Co.*, 846 F. Supp. 2d 515, 531 (E.D. Va. 2012) (internal citations omitted). Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *Cherry,* 330 F.3d at 665 (internal quotation omitted). Bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.,* 235 F.3d 1000, 1025 (7th Cir. 2000).

The court can find no basis for recusal in these allegations. First, as stated above, this matter was properly assigned to a magistrate judge for pretrial handling, thus, recusal of the magistrate judge is not appropriate. *See* 28 U.S.C. § 636(b)(1)(B); Local Civ. R. 72.02. Furthermore, regarding the presumption of bias of the undersigned, Plaintiff fails to allege or provide any support for his claim beyond alleging that the undersigned is from the Anderson area and citing to *Tumey v. State of Ohio*, 273 U.S. 510 (1927).

However, *Tumey* fails to support Plaintiff's argument. It does not address recusal in comparable circumstances. Rather, in *Tumey*, the Supreme Court held that a defendant was denied due process when he was convicted of violating prohibition law before the mayor of a village because the mayor, whose only payment for judge services was through convictions, was found to have a direct personal pecuniary interest in convicting defendants before him. 273 U.S. 510. The undersigned has no personal pecuniary interest in the outcome of the instant matter. "A judge is not disqualified or required to recuse himself in a case merely because a litigant makes unsubstantiated allegations of bias." *Hause v. Miles*, C.A. No. 9:13-1271-RMG-BM, 2014 WL 12538185 (D.S.C. Feb. 11, 2014). Plaintiff has failed to allege any grounds to support

7

his motion for recusal. *See, e.g., State of Idaho v. Freeman*, 478 F. Supp. 33, 35 (D. Idaho 1979) ("[A] judge is not prevented from sitting because he comes into every case with a background of general personal experiences, associations and beliefs.). Accordingly, Plaintiff's motion for recusal of the undersigned is denied.

### III.  Request for Counsel

Finally, as to Plaintiff's request for counsel, the court finds that counsel should not be appointed. There is no right to appointed counsel in a § 1983 case. *See, e.g., Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). Counsel should only be appointed in "exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). An exceptional case exists when "it is apparent . . . that a pro se litigant has a colorable claim but lacks the capacity to present it . . . ." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989) (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978)). The court finds that Plaintiff's case is not an exceptional one warranting the appointment of counsel. As discussed above, the court agrees with the magistrate judge's analysis and conclusion that summary dismissal of Plaintiff's case is appropriate. Accordingly, the court finds that Plaintiff has not stated a claim warranting the appointment of counsel.

### IV. Conclusion

The court has thoroughly reviewed the Report of the magistrate judge and the filings in this case. For the reasons set forth above and by the magistrate judge, the court overrules Plaintiff's objection and hereby adopts the Report (ECF No. 9) and incorporates it herein.

Accordingly, it is hereby **ORDERED** that this action is **DISMISSED** without prejudice[11] and without issuance and service of process. Further, Plaintiff's motions for recusal (ECF No. 12) and for appointment of counsel (ECF No. 13) are **DENIED**.

    **IT IS SO ORDERED.**

                                          s/Timothy M. Cain
                                          United States District Judge

Anderson, South Carolina
June 25, 2018

**NOTICE OF RIGHT TO APPEAL**

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[11] As noted above, Plaintiff has a pending PCR petition in state court. This action is dismissed without prejudice to Plaintiff's ability to refile his claim if his conviction is overturned. *See, e.g., Omar v. Chasanow*, 318 Fed. App'x 188 (4th Cir. 2009).